**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WASHINGTON ALLIANCE OF TECHNOLOGY WORKERS,**<br>***Plaintiff,***<br>**v.**<br>**U.S. DEPARTMENT OF HOMELAND SECURITY *et al.*,**<br>***Defendants.*** | **Civil Action No. 16-1170** |

**MEMORANDUM OPINION AND ORDER**

Defendants have filed a Notice of Related Case [ECF No. 4], asserting that this case involves the same parties and subject matter as a previous case heard by this Court, and therefore it should be assigned as a related case pursuant to Local Civil Rule 40.5 to the undersigned. Plaintiff objects to that assignment, arguing that Rule 40.5's "same subject matter" requirement is not met, because the two cases involve challenges to entirely different DHS rules. (*See* Pl.'s Response and Objection [ECF No. 8].) For the reasons that follow, the Court agrees with plaintiff that the two cases are not related within the meaning of Rule 40.5.

**BACKGROUND**

In 2014, plaintiff filed suit against defendant U.S. Department of Homeland Security ("DHS"), challenging the legality of DHS's Optional Practical Training ("OPT") program, which allows certain foreign students to be employed both during and after their course of study in the U.S. (*See* Am. Compl. [ECF No. 20], *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.* ("*WashTech I*"), Case No. 14-cv-529 (D.D.C. Dec. 15, 2014).) Plaintiff framed

this challenge as an attack on two DHS rules: a 1992 rule authorizing F-1 student visa holders to work for up to twelve months after graduation, and a 2008 rule extending by seventeen months the maximum OPT period for students with degrees in science, technology, engineering, or mathematics ("STEM"). *See* Pre-Completion Interval Training; F-1 Student Work Authorization, 57 Fed. Reg. 31,954 (July 20, 1992); Extending Period of Optional Practical Training by 17 Months for F–1 Nonimmigrant Students With STEM Degrees and Expanding Cap-Gap Relief for All F–1 Students With Pending H–1B Petitions, 73 Fed. Reg. 18,944 (Apr. 8, 2008).

This Court rejected a number of plaintiff's substantive challenges to the rules, but it did hold that the 2008 rule was procedurally infirm, because DHS had failed to subject the rule to notice and comment. *See WashTech I*, 2015 WL 9810109, at *15 (D.D.C. Aug. 12, 2015). It thus vacated the 2008 rule but stayed the effect of the vacatur to allow DHS to re-submit the rule for proper notice and comment. *See id.* at *16. Plaintiff appealed that decision on numerous grounds, but before the Court of Appeals could issue a decision, DHS implemented a new rule in place of the 2008 rule. *See* Improving and Expanding Training Opportunities for F-1 Nonimmigrant Students with STEM Degrees and Cap-Gap Relief for All Eligible F-1 Students, 81 Fed. Reg. 13,040, 13,040 (Mar. 11, 2016) (providing that rule would go into effect on May 10, 2016). Among other things, the 2016 rule extends the maximum STEM OPT period by seven months, establishes new requirements for participating employers, and allows OPT extensions only to students with degrees from accredited schools. *See id.* The same day, the Court's stay ended and the 2008 rule was vacated. *See WashTech I*, 2016 WL 308775, at *5 (D.D.C. Jan. 23, 2016) (extending stay through May 10, 2016). Because the 2008 rule had become a legal nullity, the Court of Appeals dismissed plaintiff's appeal as moot and vacated

this Court's judgment. *See Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 2016 WL 3041029, at *1 (D.C. Cir. May 13, 2016).

Plaintiff now brings a second lawsuit against DHS, Citizenship and Immigration Services, and Immigration and Customs Enforcement, challenging the 2016 rule on both procedural and substantive grounds, as well as the underlying 1992 rule that established the post-graduate OPT program. (*See* Compl. [ECF No. 1].)

**ANALYSIS**

Through their Notice of Related Case, defendants seek to have this case heard by the undersigned. *See* Local Civ. R. 40.5(c)(1). As the party seeking related-case designation, defendants bear the burden of showing that the cases are in fact related under Rule 40.5(a)(4), *i.e.*, that they involve the same parties and subject matter. *See Autumn Journey Hospice, Inc. v. Sebelius*, 753 F. Supp. 2d 135, 140 (D.D.C. 2010).

The rationale behind random case assignment is that it "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). Rule 40.5 recognizes an exception to that general rule—when the interests of judicial economy would be better served if a single judge decided similar cases—but only when the cases "are so related that they involve" the same parties and subject matter. *See id.* (overlap of discovery issues not sufficient to make cases related under Rule 40.5). Defendants argue that these cases involve the same subject matter because they raise "an identical challenge to the OPT program and seek[] identical relief in the form of a declaratory order enjoining operation of the OPT program." (*See* Defs.' Reply Br. [ECF No. 10] at 3.) When considered at such a level of generality, defendants' argument has

superficial appeal. There is no question that there is overlap between the issues raised in the two cases, particularly with regard to claims that DHS exceeded its statutory authority in allowing F-1 student visa holders to work post-graduation. (*Compare* Compl. ¶¶ 54-63 *with* Am. Compl. ¶¶ 155-86, 279-82, *WashTech I* (D.D.C. Dec. 15, 2014).)

But mere similarity between certain claims does not mean that the case as a whole involves the "*same* subject matter" as *WashTech I*. *See* Local Civ. R. 40(a)(4) (emphasis added). Defendants fail to address the very basic fact that plaintiff has challenged two different DHS rules, and that the 2016 rule made numerous changes to the OPT program as it existed under the 2008 rule. *See* Improving and Expanding Training Opportunities for F-1 Nonimmigrant Students with STEM Degrees and Cap-Gap Relief for All Eligible F-1 Students, 81 Fed. Reg. 13,040 (Mar. 11, 2016). Indeed, as DHS itself represented to the Court of Appeals, the current program is "entirely new" and based upon a "substantively different rule." *See* Oral Argument Recording at 18:43, 20:21, *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, Case No. 15-5239 (D.C. Cir. May. 4, 2016). Thus, to now argue that plaintiff raises "an identical challenge to the OPT program" rings hollow when there are two different OPT programs at issue. Defendants also fail to acknowledge that numerous issues are unique to one case or the other—for instance, procedural challenges to the 2008 rule are not similarly leveled against the 2016 rule and vice versa. (*Compare* Compl. ¶¶ 65-66 (alleging that defendants failed to comply with the Congressional Review Act) *with* Am. Compl. ¶¶ 229-49, *WashTech I* (D.D.C. Dec. 15, 2014) (alleging that DHS lacked good cause to waive notice and comment).) This is simply not an instance where the similarities between cases are so pronounced that the interest in judicial economy becomes paramount. *See Autumn Journey Hospice, Inc.*, 753 F. Supp. 2d at 140 (cases deemed related where they challenged the same regulation); *Millennium TGA, Inc. v. Comcast*

*Cable Commc'ns LLC,* 286 F.R.D. 8, 9-10 (D.D.C. 2012) (cases deemed related where plaintiff sought to enforce subpoena seeking identity of 939 alleged copyright infringers, where those same 939 individuals were named as Doe defendants in the earlier copyright action).

Therefore, it is hereby

**ORDERED** that plaintiff's Objection to defendants' Notice of Related Case is **SUSTAINED**. Pursuant to Local Civil Rule 40.5(c)(1), this case shall be transferred to the Calendar and Case Management Committee for reassignment.

**SO ORDERED**.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 24, 2016