**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WASHINGTON ALLIANCE OF TECHNOLOGY WORKERS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | ) | Civil Action No. 16-1170-RBW |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and U.S. Citizenship and Immigration Services, by and through undersigned counsel, respectfully move this Court to dismiss this action by Plaintiff Washington Alliance of Technology Workers (Washtech), for lack of subject-matter jurisdiction and failure to state a claim.

Washtech alleges that the 12-month OPT Program, last amended in 1992, *see Pre-Completion Interval Training; F-1 Student Work Authorization*, 57 Fed. Reg. 31,954 (July 20, 1992) (OPT Rule or 1992 Rule), and the 2016 Rule issued by the Department of Homeland Security (DHS) allowing an additional 24-month OPT period for a limited class of students with qualifying science, technology, engineering, or mathematics (STEM) degrees, *see Improving and Expanding Training Opportunities for F-1 Nonimmigrant Students With STEM Degrees and Cap-Gap Relief for All Eligible F-1 Students*, 81 Fed. Reg. 13040 (March 11, 2016) (STEM OPT

Rule or 2016 Rule), violate the Administrative Procedure Act (APA). Specifically, Washtech, alleges the 1992 OPT Rule (Count I) and the 2016 STEM OPT Rule (Count II) exceed DHS's statutory authority under the Immigration and Nationality Act (INA), that the 2016 Rule was issued in violation of the Congressional Review Act (CRA), without notice and comment, and without complying with incorporation by reference requirements (Count III), and that the 2016 Rule is arbitrary and capricious (Count IV).

As explained in the accompanying memorandum and points of authorities, these claims fail at the threshold. Washtech, an organizational Plaintiff, does not identify any member possessing Article III standing, let alone any basis to conclude that any alleged injury was caused by the 2016 or 1992 Rules or is redressable by a decision in their favor. Further Plaintiff's challenge to the 1992 Rule is time-barred, and its challenge to the 2016 Rule fails under ripeness principles. Finally, even assuming justiciability, Plaintiff fails to allege any plausible claim for relief as to all counts as Plaintiff is not within the zone-of-interests protected by § 1101(a)(15)(F)(i), and because it fails to plead facts satisfying Rule 12(b)(6)'s plausibility standard as to their APA claims.

Accordingly, the Court should dismiss this lawsuit in its entirety as to the government Defendants for lack of subject matter jurisdiction and failure to state a claim.

//

//

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: *s/ Erez Reuveni*
EREZ REUVENI
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Fax: (202) 305-7000
Email: erez.r.reuveni@usdoj.gov

JOSHUA PRESS
Trial Attorney

DATED: August 26 , 2016

Attorneys for Defendants