**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WASHINGTON ALLIANCE OF TECHNOLOGY WORKERS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 16-1170 (RBW) |

**ORDER**

Currently before the Court are the Plaintiff's Motion for Leave to File Sur-Reply to Defendant[s'] Motion to Dismiss ("Pl.'s Mot."), ECF No. 22, which seeks leave of the Court to file a sur-reply to the allegedly new issues and arguments raised in the Defendants' Reply in Support of the Motion to Dismiss ("Defs.' Reply"), ECF No. 21, and the Defendants' Opposition to Plaintiff's Motion for Leave to File a Sur-Reply and Request that the Court Strike Plaintiff's Improperly Filed Sur-Reply ("Defs.' Opp'n & Mot. to Strike"), ECF No. 23. Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must deny the plaintiff's request for leave to file a sur-reply and grant the defendants' request to strike the sur-reply filed by the plaintiff.

In moving for leave to file a sur-reply, the plaintiff argues that the defendants raised the following five new issues in their reply that: (1) "this case presents res judicata[]"; (2) the

[1] In addition to the filings already identified, the Court also considered the following submissions in rendering its decision: (1) the Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Sur-Reply ("Pl.'s Reply") and (2) the Defendants' Memorandum and Points of Authorities in Support of the Motion to Dismiss ("Defs.' Mem.").

plaintiff "raises claims that are generalized grievances"; (3) the defendants posed new "objections to the injury of deprivation of statutory protections"; (4) the plaintiff's "members [were] not competitors with [optional practical training] workers because they are more experienced"; and (5) "the ages of the identified [plaintiff's] members removes their need for training." Pl.'s Mot. at 1–2. The defendants, in opposition, contend that the purported "new issues" identified by the plaintiff are arguments previously raised in response to the plaintiff's opposition to their motion to dismiss and "do not expand the scope of the issues presented." Defs.' Opp'n & Mot. to Strike at 1 (quoting Bigwood v. U.S. Dep't of Defense, 132 F. Supp. 3d 124, 154 (D.D.C. 2015)).

Although "surreplies are generally disfavored," Kifafi v. Hilton Hotels Ret. Plan, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), aff'd, 701 F.3d 718 (D.C. Cir. 2012), "the decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court," Lu v. Lezell, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). If new arguments appear for the first time in a movant's reply, granting leave to file a sur-reply is appropriate. See Flynn v. Veazey Const. Corp., 310 F. Supp. 2d 186, 189 (D.D.C. 2004). But, such arguments "must truly be new." U.S. ex rel. Pogue v. Diabetes Treatment Ctrs., 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "Simply put, a sur-reply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit." Crummey v. Soc. Sec. Admin., 794 F. Supp. 2d 46, 63 (D.D.C. 2011), aff'd, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012).

Here, the Court concludes that the plaintiff has not satisfied the standard necessary to merit the filing of a sur-reply. First, the plaintiff contends that the defendants' reply raised res judicata for the first time by stating that the plaintiff's arguments were "thrice-rejected," Defs.' Reply at 1, and submitted, as an exhibit, a district court case dismissing some of the plaintiff's

identical arguments, see id., Exhibit ("Ex.") 1 (Opinion and Order) at 8. However, the defendants did not raise res judicata, but merely provided additional support—the decisions of various courts that have previously heard and considered parallel arguments raised by the plaintiff in this case—for their proposition that the plaintiff's arguments are meritless, which they made throughout their motion to dismiss. See Defs.' Mem. at 5 (addressing prior litigation history). Similarly, the defendants' statement that the plaintiff's case "attempts to air [a] generalized policy disagreement," as well as their use of certain language from Hollingsworth v. Perry, __ U.S. __, __, 133 S. Ct. 2652 (2013), did not "constitute raising [a new] issue." Pl.'s Reply at 2. The language used by the defendants and their citation to Hollingsworth served to bolster their argument made predominantly throughout their motion to dismiss, that is, the plaintiff has not demonstrated that its named members were personally or individually harmed, and therefore, it lacks sufficient injury for standing. See Defs.' Mem. at 16 ("The fundamental difficulty with this set of allegation is that [the plaintiff] provide[s] no basis for concluding [that the named members] 'personally compete[] in the arena' as the beneficiaries of the 2016 Rule, let alone that they do so directly and currently." (internal citations omitted) (emphasis in original)). Therefore, the Court finds that these arguments are not "truly new," U.S. ex rel. Pogue, 238 F. Supp. 2d at 277, and do not impermissibly "expand the scope of the issues [already] presented," Crummey, 794 F. Supp. 2d at 63.

Additionally, the plaintiff asserts that the defendants raised new "objections to [its] "injury of deprivation of statutory protections" claim. Pl.'s Mot. at 1. Specifically, the plaintiff asserts that the defendants' reference to Sherley v. Sebelius, 610 F.3d 69 (D.C. Cir. 2010), in addressing its deprivation of statutory protections claim in their motion to dismiss "left [the plaintiff] to guess what [the defendants'] true objections to the injury were," Pl.'s Reply at 3,

because Sherley "address[ed] competition injury (not deprivation of statutory protection injury)," id. at 2–3. In their motion to dismiss, the defendants argued that the plaintiff's alleged injury predicated on a deprivation of statutory protections "invoke[s] the D.C. Circuit's 'competitor standing' case law" and quoted language from Sherley. Defs.' Mem. at 14; see also id. at n.8. While the plaintiff may have thought that the defendants' citation to Sherley was "out of context [and] completely nonsensical," Pl.'s Reply at 3, it nonetheless had an opportunity to respond to this argument in its opposition, but chose not to do so. And, in their reply, the defendants simply reemphasized this argument and only offered the allegedly new objections as rebuttal to the "issues raised in the plaintiff['s] opposition." Hispanic Affairs Project v. Perez, __ F. Supp. 3d __, __, No 15-01562, 2016 WL 4734350, at *5 n.4 (D.D.C. Sept. 9, 2016). Thus, the defendants "did not deprive [the plaintiff] of a meaningful opportunity to respond to [this] argument such that might warrant granting leave to file a surreply." Crummey, 794 F. Supp. 2d at 63.

Furthermore, the plaintiff contends that the defendants "submitted exhibits [in their reply] in support of [their] ageist arguments that [the plaintiff's] members should not be afforded training because of their age and do not compete with younger [optical practical training] workers," that they could have included with their motion to dismiss, which would have given the plaintiff an opportunity to address. Pl.'s Reply at 3. But, the defendants proffered these exhibits,[2] which are affidavits previously submitted by the plaintiff in a prior litigation and

[2] The plaintiff contends that the defendants also submitted these exhibits to support their argument "that the ages of the [plaintiff's named] members removes their need for training." Pl.'s Mot. at 2. However, the defendants did not cite to these exhibits when asserting that the plaintiff "proffer[ed] zero allegations that [its named members] would like to avail themselves of basic entry-level training, despite their dozens of years of experience." Defs.' Reply at 14 (emphasis in original). And because the plaintiff focuses its objection primarily on the defendants' submission of these exhibits, see Pl.'s Reply at 3–4, the Court will address the plaintiff's argument regarding the defendants' submission of the exhibits only as they relate to the competition with younger optical practical training workers.

Linkedin[3] profiles of the plaintiff's named members, to strengthen their argument that the plaintiff has failed to demonstrate that its named "members were qualified . . . or [sought] the same, often entry-level, employment that F-1 nonimmigrant students would be eligible for." Defs.' Mem. at 22. The defendants emphasized this argument extensively throughout their motion to dismiss, and therefore, the Court again does not find that these exhibits presented "truly new" issues, U.S. ex rel. Pogue, 238 F. Supp. 2d at 277, or inappropriately "expand[ed] the scope of the issues [already] presented," Crummey, 794 F. Supp. 2d at 63. In any event, in reviewing the plaintiff's proposed sur-reply, see Banner Health v. Sebelius, 905 F. Supp. 2d 174, 187 (D.D.C. 2012) ("In exercising its discretion, the court should consider whether the . . . proposed surreply would be helpful to the resolution of the pending motion [to dismiss] . . . ."), the Court finds that the plaintiff's intended response to these exhibits does not substantively address the exhibits or the defendants' argument for which they support, but merely adds additional arguments as "an attempt to get the last word." Stevens v. Sodexo, Inc., 846 F. Supp. 2d 119, 130 (D.D.C. 2012); see also Pl.'s Mot., Exhibit 1 (Proposed Sur-reply) at 7 (e.g., responding that its "membership is not restricted by age or experience" and that "[t]he problem of employers substituting younger workers for older workers to drive down costs of technology industries is well documented"). Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for Leave to File Sur-Reply to Defendant[s'] Motion to Dismiss is **DENIED**. It is further

**ORDERED** that the Defendants' Opposition to Plaintiff's Motion for Leave to File a Sur-Reply and Request that the Court Strike Plaintiff's Improperly Filed Sur-Reply is **GRANTED**. The Clerk of the Court is directed to remove the plaintiff's proposed sur-reply,

---

[3] "Linkedin operates the world's largest professional network on the Internet . . . ." Linkedin, https://press.linkedin.com/about-linkedin (last visited Dec. 7, 2016).

ECF No. 22-1, from the docket.

**SO ORDERED** this 22nd day of December, 2016.

REGGIE B. WALTON
United States District Judge