**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WASHINTON ALLIANCE OF TECHNOLOGY WORKERS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | ) | Civil Action No. 16-1170 (RBW) |

**ORDER**

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next thirty days, absent extraordinary circumstances, the Court will grant in part and deny in part the defendants' motion to dismiss in a final Order that will be issued contemporaneously with the forthcoming Memorandum Opinion. Accordingly, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291. See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. and Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a memorandum opinion which explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g. reviewing citations to ensure conformity with The Bluebook) remaining before the memorandum opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").

**SO ORDERED** this 30th day of March, 2017.

REGGIE B. WALTON
United States District Judge