# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WASHINGTON ALLIANCE OF TECHNOLOGY WORKERS,  )<br>)<br>*Plaintiff,*  )<br>)<br>v.  )<br>)<br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al,*  )<br>)<br>*Defendants.*  )<br>)<br>and  )<br>)<br>NATIONAL ASSOCIATION OF MANUFACTURERS, *et al,*  )<br>)<br>*Intervenor-Defendants.*  ) | Civil Action No. 1: 16-cv-01170-RBW |

**BRIEF OF AMICUS CURIAE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BY CONGRESSMAN PAUL GOSAR**

/s/ *Julie Axelrod*
JULIE AXELROD (D.C. Bar no. 1001557)
1629 K Street, NW, Suite 600
Washington, DC 20006
Tel: (703) 888-2442
jba@cis.org

1

## INTEREST OF AMICUS CURIAE

Congressman Paul A. Gosar represents Arizona's fourth congressional district. Congressman Gosar is a constitutional conservative and the sponsor of H.R. 3564 Fairness for High-Skilled Americans Act which would eliminate the unauthorized Optional Practical Training (OPT) Program:

> Section 274A(h) of the Immigration and Nationality Act (8 U.S.C. 1324a) is amended by adding at the end the following:
> "(4) EMPLOYMENT AUTHORIZATION FOR ALIENS NO LONGER ENGAGED IN FULL-TIME STUDY IN THE UNITED STATES.—Notwithstanding any other provision of law, no alien present in the United States as a nonimmigrant under section 101(a)(15)(F)(i) may be provided employment authorization in the United States pursuant to the Optional Practical Training Program, or any such successor program, without an express Act of Congress authorizing such a program.".

This brief will affirm that OPT is unlawful and has never been authorized by Congress. Congress has sole authority to authorize aliens for work. The Department of Homeland Security (DHS) does not share this authority with Congress.

Congressman Gosar has an interest in asserting the proper process for work authorization for aliens, and a significant interest in protecting American workers, including his own constituents, and lawful permanent residents from employment discrimination, which has become rampant due to the uncapped expansion of the OPT Program. OPT recipients and their employers are excused from paying payroll taxes, which incentivizes employers to discriminate against U.S. citizens when hiring.

The decision to authorize approximately 300,000 foreign workers is a decision for Congress, and Congress alone.[1] The lack of Congressional authorization has additionally

---

[1] See "Number of foreign college graduates staying the U.S. to work climbed again in 2017, but growth has slowed" by Neil G. Ruiz and Abby Budiman," Pew Research Center. July, 2018, [https://www.pewresearch.org/fact-tank/2018/07/25/number-of-foreign-college-graduates-staying-in-u-s-to-work-climbed-again-in-2017-but-growth-has-slowed/]

contributed to the lack of accountability and oversight. Congress, including Congressman Gosar, and the representatives of American workers, have never had the opportunity to weigh in on the record.

## ARGUMENT

OPT, which was created by regulation alone as a workaround to satisfy requests from the technology industry for increased H-1B visas that Congress failed to appease, is unsupportable under both the Immigration and Nationality Act (INA), Pub. L. No. 82-414, 66 Stat. 163, which does not authorize aliens on student visas to remain in the United States and work after they have graduated, and the Constitution itself, which gives the power to make law to the legislative branch.

### A.  **OPT is invalid under federal immigration law.**

OPT violates the INA on substantive grounds, which renders OPT a nullity. *See* 5 U.S.C. §706(2)(B)-(C)*; Manhattan Gen. Equip. Co. v. Commissioner*, 297 U.S. 129, 134 (1936) (holding that a "regulation [that] … operates to create a rule out of harmony with the statute, is a mere nullity" because an agency's "power … to prescribe rules and regulations … is not the power to make law" but rather "the power to adopt regulations to carry into effect the will of Congress as expressed by the statute"). Congress defined student visa status in 8 U.S.C. § 1101(a)(15)(F)(i):

> an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study consistent with section 1184(l) [1] of this title at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in an accredited language training program in the United States.

The OPT program allows aliens to remain in the country, and work, after they, quite simply,

have graduated and no longer fit this definition. DHS decided that aliens could simply still be considered students under the law while they actually remain in the United States as guest-workers for up to 42 months.

One significant problem with OPT is that the asserted executive authority has no stopping point. If DHS can simply decide that a clearly defined statutory term such as student is ambiguous enough to allow an alien who is no longer pursuing any course of study at any kind of academic university, then it could redefine any term in the INA at will. Congress will no longer have authority to make laws if executive agencies can redefine terms with no limit.

Furthermore, if DHS can administratively authorize work permits as it has in OPT, it can authorize work permits for any class of alien, without regard to the protections that Congress included in the INA. *See, e.g.*, 8 U.S.C. §§1182(n), 1184(g), 1188 (protecting American workers from competition from aliens); *Sure-Tan, Inc. v. Nat'l Labor Relations Bd.*, 467 U.S. 883, 893 (1984) ("[a] primary purpose in restricting immigration is to preserve jobs for American workers"). Congress would not authorize DHS to overturn those concrete statutory protections through "vague terms or ancillary provisions." *Whitman v. Am. Trucking Ass'n*s, 531 U.S. 457, 468 (2001). The Court need not decide whether this delegates no authority or if it unconstitutionally delegates authority. Either way, it cannot support OPT.

OPT is an invalid form of work authorization. While an agency faced with limited resources necessarily has discretion to implement congressional mandates as best it can, it cannot ignore statutory mandates: "the agency administering the statute is required to effectuate the original statutory scheme as much as possible, within the limits of the added constraint." *City of Los Angeles v. Adams*, 556 F.2d 40, 50 (D.C. Cir. 1977). OPT, however, did not "effectuate the original statutory scheme as much as possible." OPT reflects a previous administration's policy

judgment that these aliens should be free to work in the United States. Far from "effectuat[ing] the original statutory scheme as much as possible," this policy judgment is at odds with the INA and congressional intent. OPT exceeds the authority that the INA delegates to DHS.

Congress also has not implicitly ratified OPT by failing to revoke it. Standing alone, prior instances of Executive misconduct cannot "be regarded as even a precedent, much less an authority for the present [misconduct]." *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 649 (1952). "Arbitrary agency action becomes no less so by simple dint of repetition." *Judulang v. Holder,* 565 U.S. 42, 61 (2011). There has simply not been the "unanimous holdings of the Courts of Appeals" and subsequent legislation required for Congress to have accepted and ratified OPT. On balance, the claim that Congress ratified OPT implicitly is simply not plausible. Instead, this Court should simply follow the INA's plain text to deduce what Congress intended. Congress did not authorize work after graduation for aliens.

**B. OPT violates the Executive's obligations under the Take Care Clause.**

Article II, Section 3 of the U.S. Constitution states that the President "shall take Care that the laws be faithfully executed…" Congress, meanwhile, has the full power under the constitution to make the laws. Congress therefore has the power under the U.S. Constitution to expand the H-1B visa program, not the Executive Branch. By usurping this authority by creating an approximately 300,000 person guest-worker program, Congress has lost the ability to protect the U.S. worker. As a member of Congress, Representative Gosar takes his obligations to listen to his constituents very seriously, and he believes it does not serve their interests to pass such a guest-worker program. But with the OPT program, Representative Gosar, like all members of Congress, was denied the chance to stand up for his constituents that the Constitution grants him by giving Congress, and not the Executive, the power to pass laws.

It is the duty of the Court to be last, not first, to give up the principles of the separation of powers. *Youngstown*, 343 U.S. at 655. Under that division of authority, this Court clearly must reject DHS' overreach with OPT here.

## CONCLUSION

For the reasons stated above, Congressman Paul A. Gosar supports the Plaintiff's motion for summary judgement asking the court to set aside the 2016 OPT Rule pursuant to the Administrative Procedures Act.

Dated: November 26, 2019                    Respectfully submitted,

/s/   *Julie Axelrod*
JULIE AXELROD (D.C. Bar no. 1001557)
1629 K Street, NW, Suite 600
Washington, DC 20006
Tel: (703) 888-2442
jba@cis.org